# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>Plaintiffs,<br><br>v.<br><br>**OREGON SCHOOL BOARDS ASSOCIATION PROPERTY AND CASUALTY COVERAGE FOR EDUCATION TRUST,**<br><br>Defendant. | Case No. 3:21-cv-00059-JR<br><br>ORDER |

Emmitt DuBose III and Sara Lindsey Menton, Intact Insurance Specialty Solutions, 188 Inverness Dr. W, Suite 600, Englewood, CO 80112. Kelly Frances Huedepohl, Gordon Rees Scully Mansukhani LLP, 1300 SW Fifth Avenue, Suite 2000, Portland, OR 97201. Attorneys for Plaintiff Atlantic Specialty Insurance Company.

Michael J. Walker and Jeremy C. Rice, Parks, Bauer, Sime, Winkler & Walker, 570 Liberty St SE, Suite 200, Salem, OR 97302. Attorneys for Plaintiff State Farm Fire and Casualty Company.

Laurie R. Hager, Snell & Wilmer LLP, 1455 SW Broadway, Suite 1750, Portland, OR 97201. Attorney for Defendant.

**IMMERGUT, District Judge.**

PAGE 1 – ORDER

On June 15, 2022, Magistrate Judge Jolie Russo issued her Findings and Recommendation ("F&R"), ECF 76, recommending that this Court grant Plaintiff State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment, ECF 52, in part, and grant Defendant Oregon School Boards Association Property and Casualty Coverage for Education Trust's ("PACE") Partial Motion for Summary Judgment, ECF 54, in part. All parties timely filed objections, ECF 78, ECF 79, ECF 80, and responses, ECF 81, ECF 82. This Court has reviewed de novo the portion of the F&R to which Plaintiffs and Defendant objected. For the following reasons, the Court ADOPTS Judge Russo's F&R as supplemented in this order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The present case concerns an insurance dispute among several insurers arising out of a 2017 skiing accident involving Quency Fahlgren ("Fahlgren"), a certified volunteer ski coach for Sam Barlow High School ("School") located within the Gresham-Barlow School District ("District"), and minor DV. ECF 76 at 2, 5. The School and Fahlgren are both members of the

PAGE 2 – ORDER

Oregon Interscholastic Ski Racing Association ("OISRA"), which operates as the School's agent in relation to mountain events. *Id.* at 3. At the time of the accident, Plaintiff State Farm insured Fahlgren, Plaintiff Atlantic Specialty Insurance Company ("ASIC") insured OISRA, and Defendant PACE insured the District. *Id.* at 6.

DV and his father sued Fahlgren, alleging negligence. *Id.* at 5. Plaintiffs defended Fahlgren against the underlying lawsuit and eventually settled the claims for $5,500,000. *Id.* at 7. Plaintiffs then sued Defendant, arguing that Defendant had a duty to defend and indemnify Fahlgren. *Id.* In her F&R, Judge Russo found that Plaintiff State Farm's Motion for Summary Judgment, ECF 52, should be granted as to the breach of Defendant's duty to defend and indemnify. ECF 76. at 31. The F&R also found that Defendant's Motion for Partial Summary Judgment should be granted to the extent that it asserts the District's liability cannot exceed the Oregon Tort Claims Act ("OTCA") statutory limit on liability for public bodies. *Id.*

Both Plaintiffs and Defendant object to Judge Russo's F&R. Plaintiff State Farm objects to Judge Russo's ruling that the OTCA's liability cap applies to both indemnity and defense costs. ECF 78 at 2. Plaintiff ASIC joins State Farm's objections and separately seeks clarification on the applicability of the limits of liability under the PACE Policy to Fahlgren and the District. ECF 79 at 2–3.

Defendant raises two objections to Judge Russo's F&R. First, Defendant objects to the finding that when a single individual possesses dual agency status for a public and non-public body, damages may exceed the OTCA's limits. ECF 80 at 2. Second, Defendant objects to Judge Russo's ruling that the OTCA limits of liability would not collectively apply to all three insurers in the underlying case. *Id.*

PAGE 3 – ORDER

The Court considers the issued raised by the parties in turn. For the reasons discussed below, this Court agrees with Judge Russo's analysis and adopts the F&R with the following supplemental analysis.

## A. Indemnity and Defense Costs

Plaintiffs State Farm and AISC both contend that Judge Russo erred in holding that Defendant's indemnification responsibility is capped at $1,382,300, *inclusive of defense costs*. ECF 78 at 2; ECF 79 at 3. To the extent that the OTCA caps Defendant's indemnification responsibility, Plaintiffs argue that this cap applies only to Defendant's indemnity obligation and not defense costs. ECF 78 at 2; ECF 79 at 3.

In her F&R, Judge Russo found that while Defendant "breached its duty to defend and indemnify the District against the underlying negligence actions," Defendant's overall liability—including defense costs—was capped by the OTCA. ECF 76 at 30.[1] The OTCA imposes limits on liability for public bodies. For causes of action occurring on or after July 1, 2016, and before July 1, 2017, a school district's damages are capped at $1,382,300 for multiple claimants. *Id.* at 20; O.R.S. 30.272. Judge Russo recommends—and the parties do not challenge—a finding that

---

[1] Though Judge Russo wrote that Defendant breached its duty to indemnify the District, Fahlgren is the only insured at issue in the present contribution action. ECF 52 at 12–13 (arguing that "Mr. Fahlgren qualified as an insured and [Defendant] owed Mr. Fahlgren a duty to defend."). Because Judge Russo found that Fahlgren was operating as an agent of the District, ECF 76 at 23, this Court assumes that Judge Russo used the terms "District" and "Fahlgren" interchangeably and confirms that Defendant's breach of the duty to defend and indemnify only applies to coverage of Fahlgren, as coverage of the District is not at issue in this case. Indeed, as Judge Russo herself wrote earlier in her F&R, "the entire settlement [is] related to Mr. Fahlgren's negligence alone" and "there are no allegations related to the District or OISRA's own negligent acts." ECF 76 at 26.

PAGE 4 – ORDER

the OTCA cap applies to Defendant's liability under the applicable coverage provision. ECF 76 at 20.[2]

To support her finding that the OTCA's cap on liability includes defense costs, Judge Russo relied on two Oregon Court of Appeals cases: *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222 (1996) and *Burley v. Clackamas Cnty.*, 313 Or App. 287 (2021). *Nw. Pump & Equip. Co.* announced the general rule that the duty to defend is different from the duty to indemnify, 144 Or. App. at 227, but noted that "settlement costs . . . include[] both the cost of providing the defense and the cost of the liability itself," *id.* at 230. In *Burley*, the Oregon Court of Appeals held that the OTCA's limits on liability for public bodies applied to attorney's fees. *Burley*, 313 Or. App. at 292. Additionally, though not directly cited by Judge Russo, the Oregon Supreme Court has held that "liability" as defined in the OTCA "must refer to the duty or legal responsibility to pay money on a tort claim." *Griffin By and Through Stanley v. Tri-County Metro. Transp. Dist. of Or.*, 318 Or. 500, 508 (1994). In rejecting the notion that "liability" only included "tort damages," and not costs like attorney's fees, the court noted that the OTCA

---

[2] The provision at issue reads, in relevant part:

[T]he Trust will pay on behalf of the Participant those sums which the Participant shall be legally obligated to pay as Damages because of Bodily Injury, Personal Injury, Property Damage and Wrongful Acts to which the following applies:

Coverage A: Liability for Damages caused by a Tort arising under and governed by the Oregon Tort Actions Against Public Bodies Act, including the limits of liabilities set forth therein, Oregon Revised Statutes 30.260 to 30.300. This coverage applies to liability caused by an Occurrence or Wrongful Act as defined in this Coverage Document.

Further, Defendant's coverage document defines "Participant" as: "The Named Participant and each of the following while acting within the course and scope of their duties[:] Employees [and] Volunteers and Agents." ECF 76 at 9.

PAGE 5 – ORDER

"contains no such qualification" and "[h]ad the legislature intended the limit on 'liability' to apply only to liability for tort damages, it could have said so." *Id.* at 508–09.

Plaintiffs contend that while defense costs include attorney's fees, *Burley* does not stand for the proposition that all defense costs are capped by the OTCA. ECF 79 at 5. This Court is not convinced. The court in *Burley* based its conclusion on the policy underlying the OTCA, which is to "protect the financial stability of public bodies and to enable them to obtain insurance." *Burley*, 313 Or. App. at 292. Though *Burley* dealt only with the issue of attorney's fees, this Court sees no reason why the limits of liability meant to protect the financial stability of public bodies should extend narrowly to attorney's fees and not the broader issue of defense costs.

Plaintiffs finally argue that Defendant's policy expressly provides that PACE has an obligation to pay covered damages and a separate duty to defend its insured. ECF 78 at 2. As noted above, the duty to defend is separate from the duty to indemnify. *Nw. Pump & Equip. Co.*, 144 Or. App. at 227. And while the PACE policy states that "Defense Costs are in addition to the Per Occurrence and Annual Aggregate Total Limits of Liability shown in the Declarations," ECF 78 at 3, this Court does not read this to exempt defense costs from the applicable liability limit under the OTCA. *See Griffin*, 318 Or. at 508–09. Accordingly, this Court adopts this portion of the F&R's analysis. ECF 76 at 30.

B. **Dual Agency and Limits of Liability under the OTCA**

In her F&R, Judge Russo found that Fahlgren was operating as an agent of both OISRA and the District at the time of the accident. ECF 76 at 25. Following that finding, Judge Russo concluded that "[w]here . . . a single individual possesses dual agency status for a public and non-public body, damages may exceed the OTCA's limits, although the public body's liability would be capped as set forth in [O.R.S.] 30.272." *Id.* To support this conclusion, Judge Russo cites to *Berry v. State, Dept. of Gen. Servs.*, in which the Oregon Court of Appeals held that a

PAGE 6 – ORDER

public employee who acts outside of the scope of their employment is not subject to the liability limits of the OTCA. 141 Or. App. 225, 229 n.4 (1996) ("If plaintiff can show that [the defendant] acted outside the scope of his employment, he would be able to recover against [the defendant] as against any other individual, without regard to the Act's limitations on compensatory damages or its prohibition against punitive damages.").

Defendant argues that while an individual can be a dual agent for two principals, "the dual agency concept must yield to the exclusive remedy of [the OTCA] if one of the dual agency principals is a public body." ECF 80 at 2. Under Oregon law, an individual can be a dual agent serving more than one principal. *Shepard v. Sisters of Providence in Or.*, 89 Or. App. 579, 585 (1988); *see also Holger v. Irish*, 113 Or. App. 290, 295 (1992) ("[a]n agent may, of course, serve two principals simultaneously"); *Wallulis v. Dymowski*, 323 Or. 337, 354 (1996) (finding that Oregon law allows an agent to serve two principals); *Blair v. United Fin. Co.*, 228 Or. 632, 635 (1961) ("An agent can work for more than one principal.") If Fahlgren were solely an agent for the District, the OTCA's exclusive remedy and limits of liability for public body agents would apply; if Fahlgren were solely an agent for a non-public body, by contrast, the OTCA's exclusive remedy and limits of liability would not apply. The question, then, is whether the OTCA applies to a dual agent's liability for both the public and non-public body.

Turning first to the relevant case law, Defendant is correct that *Berry* concluded only that "[i]f [a] plaintiff can show that [a defendant] acted outside the scope of his employment, he would be able to recover against [the defendant] as against any other individual, without regard to the [OTCA's] limitations on compensatory damages or its prohibition against punitive damages." *Berry*, 141 Or. App. 225, 229 n.4 (1991). *Berry* did not consider whether the OTCA would bar recovery against a defendant who acted as a dual agent for both a public and private

PAGE 7 – ORDER

body. *Shepard*, which held that an individual can be a dual agent for two principals, is likewise inapposite, as the case did not consider the application of the OTCA to the principals' liability.[3] *Shepard*, 89 Or. App. at 585, 588 n.4.

Finding that no court has directly addressed the applicability of the OTCA to an individual who simultaneously serves as an agent for both a public and non-public body, this Court turns to the text of the OTCA itself. The OTCA states, in relevant part, that "[t]he sole cause of action for a tort committed by . . . agents of a public body acting within the scope of their employment or duties" is an action under the OTCA. O.R.S. 30.265(2). Section 30.265(2) also states that "[n]o other form of civil action is permitted" against an agent of a public body whose "act or omission within the scope of the . . . agent's employment or duties gives rise to the action." *Id.* Section 30.265 applies only to "agents of a public body acting within the scope of their employment" and makes no reference to limiting the liability of non-public bodies or dual agents. Nor does such a limitation comport with the overall purpose of the OTCA, at least one of which is to "allow *public bodies* to insure against potential liability for their torts." *Griffin By and Through Stanley v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 318 Or. 500, 509 (1994). Defendant does not cite, nor has this Court found, any legal authority extending that protection to non-public bodies, and declines to do so in the present case.

---

[3] This Court notes that in *Shepard*, the court concluded that the defendant could be a dual agent of St. Vincent Hospital and Medical Center, a not-for-profit hospital, and Oregon Health and Sciences University ("OHSU"), a public university. *Shepard*, 89 Or. App. at 585. Unlike St. Vincent Hospital and Medical Center, OHSU is a public body subject to the OTCA. O.R.S. 30.268. Nonetheless, *Shepard* is of limited value in the present case, as it was decided in 1988, before the OTCA included language stating that the OTCA "is exclusive of any other action against any such . . . agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit." O.R.S. 30.265(2); *see also* ECF 80 at 6.

PAGE 8 – ORDER

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiffs and Defendant objected. Judge Russo's F&R, ECF 76, is adopted in full as supplemented in this Order. This Court GRANTS Plaintiff State Farm's Motion for Summary Judgment, ECF 52, as to the breach of Defendant's duty to defend and indemnify under the "Coverage A" provision, and DENIES Plaintiff State Farm's Motion in all other respects. This Court GRANTS Defendant's Motion for Partial Summary Judgment, ECF 54, to the extent it asserts the District's liability cannot exceed the OTCA's statutory cap of $1,382,300, and DENIES Defendant's Motion in all other respects. This Court GRANTS Defendant's Cross-Motion for Partial Summary Judgment, ECF 67, as to Plaintiffs' subrogation claims, and DENIES Defendant's Cross-Motion in all other respects.

**IT IS SO ORDERED**.

DATED this 29th day of December, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge